IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEADRICK TATUM                                                                                          PLAINTIFF

vs.                                           Civil No. 4:24-cv-04125

FRANK BISIGNANO                                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Deadrick Tatum ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his disability application on August 9, 2021. (Tr. 17).[1] In this application, Plaintiff alleges being disabled due to mood swings, bipolar, schizophrenia, attention deficit hyperactivity disorder, and back pain. (Tr. 209). Plaintiff alleged an onset date of August 1, 2021.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 7. These references are to the page number of the transcript itself not the ECF page number.

1

(Tr. 191). Plaintiff's application was denied initially on January 28, 2022, and again upon reconsideration on September 15, 2022. (Tr. 17).

Plaintiff requested an administrative hearing on his denied application, and this request was granted. (Tr. 166). An Administrative Law Judge ("ALJ") conducted the hearing on November 16, 2023. (Tr. 43-68). Plaintiff was present and represented by Gregory Giles. (Tr. 43). Plaintiff and Vocational Expert ("VE"), Wilfred Roux, testified at the hearing. *Id*.

On February 28, 2024, the ALJ entered an unfavorable decision. (Tr. 17-29). In this decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity ("SGA") since August 9, 2021. (Tr. 19, Finding 1). The ALJ also determined Plaintiff had severe impairments of schizoaffective disorder, mild intellectual disability, attention deficit hyperactivity disorder (ADHD), and anti-social personality disorder. (Tr. 20, Finding 2). The ALJ then determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926). (Tr. 21, Finding 3).

The ALJ then considered Plaintiff's subjective complaints and determined he has the Residual Functional Capacity ("RFC") to perform a full range of work at all exertional levels, but with certain non-exertional limitations. (Tr. 23, Finding 4). The limitations include the following: can understand, remember, and carry out short simple instructions and perform simple and routine tasks with no fast-paced high quota production work; can make only simple work-related decisions and adapt to few, if any, workplace changes; and can tolerate only occasional interaction with co-workers, supervisors, and the general public. *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 28, Finding 5). The ALJ determined Plaintiff had no PRW. *Id*.  However, the ALJ found there were jobs that exist in

significant numbers in the national economy that Plaintiff can perform, considering his age, education, work experience, and RFC. (Tr. 28, Finding 9). These positions include janitor with approximately 2,137,730 positions in the national economy; dishwasher with approximately 502,280 positions in the national economy; and a table busser with approximately 410,460 positions in the national economy. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Social Security Act, since August 9, 2021, the date the application was filed. (Tr. 29, Finding 10).

On December 12, 2024, Plaintiff filed the present appeal. ECF No. 2. Both Parties have filed appeal briefs. ECF Nos. 11, 13. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, if after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of the RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 11. In making this claim, Plaintiff argues the ALJ erred (1) by performing an improper evaluation of Listing 12.05, (2) failing to properly consider Plaintiff's physicians' opinions, and (3) in making Plaintiff's RFC determination. *Id*. In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily

affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4.     **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of October 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE